**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHELLE MARCOWKA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CALVARY PORTFOLIO SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, MICHELLE MARCOWKA, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CALVARY PORTFOLIO SERVICES, LLC, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.     MICHELLE MARCOWKA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of New Lenox, County of Will, State of Illinois.

5.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC Bank Nevada Orchard (hereinafter "HSBC").

1

6.      The debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      CALVARY PORTFOLIO SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of New York.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14.     On or about October 14, 2010, Joey, a duly authorized representative of Defendant, initiated a telephone call to Plaintiff's residence and left Plaintiff a voicemail message.

15.     During the course of the aforementioned voicemail message Defendant's duly authorized representative stated that he was calling to collect a debt allegedly owed by Plaintiff to HSBC.

16.     On or about October 14, 2010, subsequent to having received the aforementioned voicemail message, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Joey.

17.     Plaintiff informed Defendant that she was being represented by counsel in relation to the debt on which Defendant was attempting to collect.

18.     Plaintiff then requested that Defendant no longer contact her and that Defendant instead contact her counsel.

19.     In response, Defendant told Plaintiff to call back when she had a better attitude.

20.     Defendant then intentionally disconnected the telephone call with Plaintiff.

21.     Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

22.     The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed HSBC.

23.     The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

25. On or about October 14, 2010, immediately after Defendant intentionally disconnected the telephone call with Plaintiff, Plaintiff initiated a telephone call to Defendant and engaged in another telephone conversation with Joey.

26. Plaintiff, again, apprised Defendant that she was represented by an attorney relative to the debt on which Defendant was attempting to collect.

27. Plaintiff then attempted to provide Defendant with her counsel's contact information.

28. Again, Defendant refused to obtain the contact information for Plaintiff's counsel.

29. Plaintiff then informed Defendant that if Defendant did not take down her counsel's contact information then Plaintiff would have her counsel contact Defendant directly.

30. Only then did Defendant allow Plaintiff to provide her counsel's contact information.

31. Defendant then, again, intentionally disconnected the telephone call with Plaintiff.

32. On or about October 14, 2010, despite, upon information and belief, being fully cognizant of Plaintiff's location, Defendant initiated a telephone call to Plaintiff's parent's residence and left a voicemail message.

33. During the course of the aforementioned voicemail message, Defendant disclosed that it was a debt collector.

34. During the course of the aforementioned voicemail message, Defendant disclosed that Plaintiff owed a debt to HSBC.

35. Plaintiff's father heard the contents of the aforementioned voicemail message.

4

36.     Plaintiff's father informed Plaintiff of the contents of the aforementioned voicemail message.

37.     Plaintiff did not consent to Defendant contacting third parties.

38.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

39.      In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c.  Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    d.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    e.  Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    f.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f,

    g.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

40.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

41.    Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHELLE MARCOWKA, by and through her attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MICHELLE MARCOWKA**

By: ___ s/ David M. Marco _____
       Attorney for Plaintiff

Dated: December 3, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us